UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
L.G.M.,

                        Petitioner,

          - against -

ANTHONY J. LAROCCO, *et al.*,

                      Respondents.
-------------------------------------------------------x

**ORDER OF RELEASE
WITH CONDITIONS**
25-CV-2631 (PKC)

PAMELA K. CHEN, United States District Judge:

On May 9, 2025, Petitioner L.G.M. ("Petitioner" or "L.G.M.") filed a Petition for Writ of *Habeas Corpus* ("Petition") pursuant to 28 U.S.C. § 2241, in which he requested immediate release from Immigration and Customs Enforcement ("ICE") custody or, in the alternative, a bond hearing. (Pet., Dkt. 1.) Named as Respondents are Anthony J. LaRocco ("LaRocco")[1]; William P. Joyce, succeeded by Judith Almodovar ("Almodovar"); Kristi Noem ("Noem"); and Pamela Bondi ("Bondi"), all in their respective official capacities (Almodovar, Noem, and Bondi, together, "Government Respondents").[2] (*Id.*) On June 25, 2025, the Court granted L.G.M. a bond hearing before this Court. (Bond Hr'g Mem. & Order ("M&O"), Dkt. 30.) On July 31, 2025, after a bond hearing, the Court granted Petitioner bond subject to conditions to be set by the Court after further briefing from the parties. (Release M&O, Dkt. 43.) On August 22, 2025, the Government Respondents appealed the Court's grant of bond. (*See* Dkt. 50.) On October 21, 2025, the Court determined that it could effectuate its July 31, 2025 grant of bond, a final order for which the

---

[1] LaRocco has not yet made an appearance in this matter.

[2] Pursuant to Fed. R. Civ. P. 25(d), Judith Almodovar, the successor to former Government Respondent William P. Joyce, who was named in the Petition, (Dkt. 1), is "automatically substituted as a party."

Government Respondents did not request a stay, by releasing Petitioner on bond with conditions. (10/21/2025 Dkt. Order.) Accordingly, the Court orders Petitioner's release pursuant to the following conditions:

1. <u>Home Confinement</u>: Petitioner shall be subject to home confinement with location monitoring via a GPS tracking anklet, except for limited exceptions provided for in this Order of Release. Petitioner's GPS monitoring shall be administered and overseen by ICE. In furtherance of his home confinement, Petitioner shall:

   a. Identify the address of the residence in which he proposes to reside;

   b. Identify the full names, complete contact information, and Social Security Number or "A Number" of all full and part-time occupants of his residence;

   c. Notify ICE and the Court in writing before making any change in residence;

   d. Not commit any crimes while subject to this Order of Release;

   e. Notify ICE and the Court as soon as possible of any arrests while on release;

   f. Not possess a firearm, destructive device, or other dangerous weapon;

   g. Not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, including marjiuana, unless prescribed by a licensed medical practitioner;

   h. Not associate with known gang members, criminal associates, or be associated with any such activity.

2. <u>Exceptions to Home Confinement</u>: Petitioner shall be allowed to leave his home confinement only to attend court appearances, ICE/ISAP appointments, and medical appointments that cannot be done remotely. For such exceptions, Petitioner shall provide ICE with at least 24 hours' notice. Where Petitioner must leave his home for a medical emergency, he must provide ICE notice as soon as is practicable.

3. <u>Reporting to ICE</u>: Petitioner shall report every other week to ICE as directed by ICE, which could include reporting to the office of ICE contractor BI Incorporated, located at 6851 Jericho Turnpike, Suite 235, Syosset, New York 11971, or to ICE's office, located at 26 Federal Plaza, New York, New York 10278.

4. <u>Bond Amount</u>: Petitioner shall post bond in the amount of $4,000 with ICE or with the Court by November 4, 2025, at 5:00 p.m.

5. <u>Re-detention for Violating Bond Conditions</u>: For violations of Petitioner's bond conditions that do not entail or result in arrest for new criminal conduct, Government Respondents must provide the Court and Petitioner's counsel 48 hours' notice, via court filing, of any ICE request to re-detain Petitioner, which shall include the basis for ICE's proposed re-detention.

6. <u>Re-detention for New Arrest</u>: In the event Petitioner is arrested for any new criminal activity, ICE may immediately re-detain him without providing notice to the Court and Petitioner's counsel. In such event, Government Respondents will file the relevant arrest report and/or charging instrument within 48 hours of Petitioner's re-detention and Petitioner may thereafter apply to the Court for release from ICE detention.

7. <u>Change in Petitioner's Removability Status</u>: The parties shall file notice of any change in Petitioner's removability status within one (1) week of the status change. Should ICE seek to re-detain Petitioner based on the status change, the Government Respondents shall file a request for re-detention, to which Petitioner will be given two weeks to respond. ICE shall not re-detain Petitioner on this basis absent a decision by the Court permitting or ordering re-detention.

8. <u>Modification of this Order of Release</u>: Either party may seek modification of any bond condition.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 3, 2025
       Brooklyn, New York